UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ELI McCOY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SACRAMENTO CO. JAIL,<br><br>　　　　　Respondent. | No.  2:22-cv-2182 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a pretrial detainee, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and a motion to proceed in forma pauperis.

　　　　Under Rule 4 of the Rules Governing § 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus. Pursuant to Rule 4, the court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

　　　　Petitioner is detained at the Sacramento County Jail. He complains about the treatment for his mental health, that he slipped on sewage water that dripped into his cell causing him injury, and that he was falsely diagnosed with COVID-19. Petitioner does not describe what relief he seeks.

　　　　Petitioner's allegations are not cognizable in a federal habeas case. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the

1

1    traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez,
2    411 U.S. 475, 484 (1973).  "Habeas corpus proceedings are the proper mechanism for a prisoner
3    to challenge the 'legality or duration' of confinement.  A civil rights action ... is the proper
4    method of challenging 'conditions of ... confinement.'" Badea v. Cox, 931 F.2d 573, 574 (9th
5    Cir. 1991) (quoting Preiser, 411 U.S. at 484, 498-99).  Petitioner does not challenge the legality
6    or duration of his custody.  Petitioner's challenge to the conditions of his confinement should be
7    raised, if at all, in a civil rights action.

8    The court may, in appropriate circumstances, convert a habeas petition to a civil rights
9    action under 42 U.S.C. § 1983.  Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016).  This
10   court finds it would be inappropriate to convert this case because there are several significant
11   differences between a habeas corpus proceeding and a civil rights action.  For instance, the filing
12   fee for a habeas petition is $5, and if leave to proceed in forma pauperis is granted, the fee is
13   forgiven.  For civil rights cases, however, the fee is $400 and under the Prisoner Litigation
14   Reform Act the inmate is required to pay $350, even if granted in forma pauperis status, by way
15   of deductions from income to the inmate's trust account.  See 28 U.S.C. 1915(b)(1).  An inmate
16   who might be willing to file a habeas petition for which he or she would not have to pay a filing
17   fee might feel otherwise about a civil rights complaint for which the fee would be deducted from
18   income to his or her account.  Also, a civil rights complaint which is dismissed as malicious,
19   frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g),
20   which is not true for habeas cases.  Based on the differences between habeas and civil rights
21   cases, rather than construe the petition as a civil rights action, this court will recommend
22   dismissal without prejudice so that petitioner may assert claims under 42 U.S.C. § 1983 in a new
23   case, if he chooses.

24   Accordingly, IT IS HEREBY ORDERED that:
25   1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is denied as moot; and
26   2. The Clerk of the Court shall randomly assign a district judge to this case.
27   Further, IT IS RECOMMENDED that this case be dismissed without prejudice to its
28   renewal as civil rights action under 42 U.S.C. § 1983.

2

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 11, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Habeas/R/mcco2182.scrn fr

3